**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION

MDL No. 2272

**APPROVED FORM OF SHORT FORM COMPLAINT**

This applies to:

[Charlotte B. Andrus]

Charlotte B. Andrus and Brent M. Andrus

Plaintiffs,

vs.

Zimmer, Inc., Zimmer Holdings, Inc., Zimmer Orthopaedic Surgical Products, Inc.; and (if necessary): ____________________

____________________

____________________

Defendants.

**JURY TRIAL DEMAND**

**APPROVED SHORT FORM COMPLAINT FOR**

**ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION**

Plaintiff(s) incorporate(s) by reference Plaintiffs' Master Long Form Complaint in In Re: Zimmer NexGen Knee Implant Products Liability Litigation, MDL 2272, filed as of January 12, 2012, as Document Number 211. Pursuant to a Stipulated Order of the PSC in MDL 2272 and Counsel for Defendants, the following Short Form Complaint is approved for use in this action. Where Plaintiff's Complaint was previously transferred into MDL 2272, this Short Form

Complaint and the incorporated Master Long Form Complaint shall serve as an amended Complaint.

Plaintiff selects and indicates by checking off the appropriate spaces, those products and claims that are specific to his or her case. Where certain claims require specific pleadings or case specific facts and individual information, plaintiff shall add and include them herein.

1. Plaintiff(s), Charlotte B. Andrus and Brent M. Andrus, state(s) and bring(s) this civil action before the Court for the United States District Court for the Northern District of Illinois as a related action in the matter entitled IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION, MDL No. 2272. Plaintiff is filing this short form complaint as permitted and approved by Order of the MDL 2272 Court, and adopts and incorporates by reference those allegations in the Plaintiffs' Master Long Form Complaint and any and all amendments thereto.

2. This action is brought pursuant to 28 U.S.C. §1332, as diversity of citizenship exists among and between the parties.

3. Venue is proper under 28 U.S.C. §1391 as defendants named herein do business within this district.

4. Plaintiff Charlotte Andrus is a resident and citizen of Utah and claims damages as set forth below.

5. Plaintiff's Spouse Brent Andrus, is a resident and citizen of Utah, and claims damages as a result of loss of consortium.

6. Plaintiff was born in 1953.

**ALLEGATIONS AS TO DEVICE(S) AND INJURIES**

7. Plaintiff was implanted with a Zimmer NexGen® Knee device(s) on her left and right knee on or about December 19, 2008 at LDS Hospital, by Dr. Michael M. Hess.

8. Plaintiff suffered personal and economic injuries as a result of the implantation of the following Zimmer NexGen® Knee device(s):

_____ Zimmer NexGen LPS-Flex

_____ Zimmer NexGen CR-Flex

__X _ Zimmer NexGen GSF LPS-Flex

_____ Zimmer NexGen GSF CR-Flex

_____ Zimmer NexGen MIS Tibia

9. Plaintiff underwent revision surgery on the right knee with respect to the defective Zimmer NexGen® Knee device(s) on or about October 14, 2011, at LDS Hospital by Dr. Joshua Hickman.

10. Plaintiff has suffered injuries as a result of implantation and revision/explantation of the Zimmer NexGen® Knee device(s) manufactured by defendants as described in the forthcoming Plaintiff's Fact Sheet and other responsive documents in discovery provided to the defendants and/or obtained by the defendants through Plaintiff's authorization and are incorporated by reference herein.

11. At the time of implantation with the Zimmer NexGen® Knee device(s), the plaintiff resided at 564 S. Main Street, Kaysville, UT 84037.

12. The defendants by their actions or inactions, proximately caused Plaintiff's injuries.

13. Plaintiff claims damages as a result of:

_X_ injury to herself/himself

___ injury to the person represented

___ wrongful death

___ survivorship action

_X_ economic loss

_X_ loss of services

_X_ loss of consortium

14. Neither Plaintiffs nor their physicians, through the exercise of reasonable diligence, could have detected the defective nature of the Zimmer NexGen® Knee device any earlier than the evidence of loosening and/or other indication for planned revision of the defective device(s), or as the facts dictate and produced in discovery.

15. As a result of the injuries Plaintiff sustained, she is entitled to recover compensatory damages for pain and suffering and emotional distress and for economic loss as well as punitive damages.

16. Plaintiff's right Zimmer NexGen® Flex Knee device bears catalog numbers: Tibia (00-5980-37-02), Patella (5972-65-29), Femoral (5764-015-52), Articular Surface (5962-32-12); and lot numbers: Tibia (61119271), Patella (61112980), Femoral (61072403), Articular Surface (61116960).

17. Plaintiff's left Zimmer NexGen® Flex Knee device bears catalog numbers: Tibia (00-5980-37-02), Patella (5972-65-29), Femoral (5764-015-51), Articular Surface (5962-32-12); and lot numbers: Tibia (61120124), Patella (61098308), Femoral (60904650), Articular Surface (61061392).

**ALLEGATIONS AS TO DEFENDANTS**
**SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

18. The following claims and allegation are asserted by Plaintiffs and are herein adopted by reference:

**COUNT I – STRICT LIABILITY DESIGN DEFECT**

_______ COUNT I (a) ZIMMER LPS-FLEX;

________ COUNT I (b) ZIMMER CR-FLEX;

___X_____ COUNT I (c) ZIMMER GSF LPS-FLEX;

________ COUNT I (d) ZIMMER GSF CR-FLEX;

________ COUNT I (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT II – STRICT LIABILITY FAILURE TO WARN**

________ COUNT II (a) ZIMMER LPS-FLEX ;

________ COUNT II (b) ZIMMER CR-FLEX;

___X_____ COUNT II (c) ZIMMER GSF LPS-FLEX;

________ COUNT II (d) ZIMMER GSF CR-FLEX;

_______ COUNT II (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT III – STRICT LIABILITY MANUFACTURING DEFECT**

_______ COUNT III (a) ZIMMER LPS-FLEX;

________ COUNT III (b) ZIMMER CR-FLEX;

___X_____ COUNT III (c) ZIMMER GSF LPS-FLEX;

________ COUNT III (d) ZIMMER GSF CR-FLEX;

_______ COUNT III (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT IV -NEGLIGENCE**

________ COUNT IV (a) ZIMMER LPS-FLEX;

_______ COUNT IV (b) ZIMMER CR-FLEX;

___X_____ COUNT IV (c) ZIMMER GSF LPS-FLEX;

________ COUNT IV (d) ZIMMER GSF CR-FLEX;

_______ COUNT IV (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT V – NEGLIGENT MISREPRESENTATION**

________ COUNT V (a) ZIMMER LPS-FLEX;

_______ COUNT V (b) ZIMMER CR-FLEX;

___X____ COUNT V (c) ZIMMER GSF LPS-FLEX;

________ COUNT V (d) ZIMMER GSF CR-FLEX;

______ COUNT V (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VI – EXPRESS WARRANTY**

________ COUNT VI (a) ZIMMER LPS-FLEX;

______ COUNT VI (b) ZIMMER CR-FLEX;

___X____ COUNT VI (c) ZIMMER GSF LPS-FLEX;

________ COUNT VI (d) ZIMMER GSF CR-FLEX;

______ COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VI – BREACH OF EXPRESS WARRANTY**

________ COUNT VI (a) ZIMMER LPS-FLEX;

________ COUNT VI (b) ZIMMER CR-FLEX;

____X___ COUNT VI (c) ZIMMER GSF LPS-FLEX;

________ COUNT VI (d) ZIMMER GSF CR-FLEX;

_______ COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VII – BREACH OF IMPLIED WARRANTY**

________ COUNT VII (a) ZIMMER LPS-FLEX;

________ COUNT VII (b) ZIMMER CR-FLEX;

____X___ COUNT VII (c) ZIMMER GSF LPS-FLEX;

________ COUNT VII (d) ZIMMER GSF CR-FLEX;

________ COUNT VII (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VIII – REDHIBITION**

________ COUNT VIII (a) ZIMMER LPS-FLEX;

________ COUNT VIII (b) ZIMMER CR-FLEX;

________ COUNT VIII (c) ZIMMER GSF LPS-FLEX;

________ COUNT VIII (d) ZIMMER GSF CR-FLEX;

________ COUNT VIII (e) ZIMMER MIS TIBIAL COMPONENTS;

____X____ COUNT IX – LOSS OF CONSORTIUM

________ COUNT X – WRONGFUL DEATH

________ COUNT XI - SURVIVAL ACTION

____X____ COUNT XII – VIOLATION OF CONSUMER PROTECTION STATUTES:

______________ and applicable statute: ______________

________ COUNT XIII – UNJUST ENRICHMENT

________ COUNT XIV – PUNITIVE DAMAGES

PLAINTIFF(S) ASSERTS THE FOLLOWING ADDITIONAL CAUSES OF ACTION [ATTACH ADDITIONAL PAGES AS NECESSARY]: ______________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For punitive or exemplary damages against Defendants;

3. For all applicable statutory damages of the state whose laws will govern this action;

4. For an award of attorney’s fees and costs;

5. For prejudgment interest and the costs of suit; and

6. For such other and further relief as this Court may deem just and proper;

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury as to all claims in this action.

Dated: November 7, 2013

Respectfully submitted,

**LOWE LAW GROUP**

/s/ Zachary Peter Lowe
6028 S. Ridgeline Drive
Suite 203
Ogden, UT 84405
(801) 917-8500 office
(801) 475-8613 fax

*Counsel for Plaintiff Charlotte Andrus*